UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) Criminal No. 08-cr-334 (RCL) |
| | ) |
| CHARLES E. COUGHLIN, | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM OPINION

### I. INTRODUCTION

Defendant Charles Coughlin was found guilty by a jury of filing a false claim and theft of public money in connection with Mr. Coughlin's presentment of a claim for compensation from the September 11th Victim Compensation Fund ("VCF") for injuries sustained during the terrorist attack on the Pentagon on September 11, 2001. On December 20, 2011, he was sentenced to concurrent terms of 41 months imprisonment and three years of supervised release [ECF No. 181]. Mr. Coughlin appealed, and his convictions were affirmed on June 14, 2013.

On December 16, 2014, Mr. Coughlin filed a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255, claiming ineffective assistance of counsel [ECF No. 204]. On April 4, 2016 and on May 18, 2016 Mr. Coughlin, without the assistance of counsel, filed amended § 2255 motions [ECF Nos. 217, 221].[1] This Court, deeming these pro se filings as motions for leave to amend his original motion under Rule 15, ordered the government to advise the Court of its position regarding Mr. Coughlin's motions for leave to amend [ECF No. 226]. The

---

[1] Mr. Coughlin's amended motion exceeds 400 pages. Although it has now been fully briefed, the Court reminds the parties of the local rules regarding page limitations. *See* Local Rule 7(e) ("A memorandum of points and authorities in support of or in opposition to a motion shall not exceed 45 pages and a reply memorandum shall not exceed 25 pages, without prior approval of the Court. Documents that fail to comply with this provision shall not be filed by the Clerk.").

1

government opposes granting Mr. Coughlin leave to amend to assert all but one of his new claims [ECF No. 227]. For the reasons stated below, this Court will grant in part and deny in part Mr. Coughlin's motions for leave to amend.

## II. BACKGROUND

Mr. Coughlin was working in the Pentagon on September 11, 2001 near where the hijacked airplane struck the building. In December 2003, he submitted a claim to the VCF claiming that the attack caused the ceiling to collapse on him, that he was hit by flying debris, and that he struck his head while helping to rescue other victims, which caused him severe and permanent disabilities and pain preventing him from engaging in certain physical activity and forcing him to take time off from work. The government, believing that Mr. Coughlin had concocted a scheme to defraud the VCF by submitting false and misleading information about his medical condition and loss of earnings, charged Mr. Coughlin with several counts of mail fraud, submitting a false claim, and theft of public money. The government alleged that the scheme lasted from December 2003 through June 2004.

At Mr. Coughlin's first trial, the government called five doctors to attack his representations to the VCF that he had sustained a neck injury and disability in the September 11th attack on the Pentagon, and entered into evidence his medical records and demonstrative videos of surgical procedures, as well as evidence regarding his athletic abilities in order to establish that Mr. Coughlin knew that he had not sustained an injury on September 11th, that he misrepresented the impact of the September 11th attack on his athletic abilities, and to undermine his economic damages claims related to his inability to perform household chores. Mr. Coughlin's trial counsel called three expert witnesses to counter the government testimony including an expert in orthopedic surgery and spinal disorders and a board certified doctor in emergency medicine. The

first trial resulted in a mistrial after the jury deadlocked on several counts. Although the jury acquitted Mr. Coughlin of several counts of mail fraud (Counts Two, Three, and Five), it failed to reach a verdict on the other mail fraud counts (Counts One and Four), and on the false claim count (Count Six), and on the theft of public money count (Count Seven) [ECF No. 43]. Mr. Coughlin claims that this was because the expert testimony provided by the defense experts was able to refute the government's evidence.

The government then sought to retry Mr. Coughlin on Counts One and Four (mail fraud), and Counts Six (false claim) and Seven (theft of public money). A new trial commenced over Mr. Coughlin's objections that it violated the Double Jeopardy Clause. At the second trial, defense counsel again presented expert witness testimony to counter the government's expert witnesses. Due to an intervening Supreme Court opinion in *Yeager v. United States*, 557 U.S. 110 (2009), Mr. Coughlin filed an interlocutory appeal, renewing his double jeopardy arguments. The Court of Appeals considered "whether, in [acquitting Mr. Coughlin on Counts Two, Three, and Five for mail fraud], the jury necessarily decided facts in Coughlin's favor that constitute an essential element of the remaining mail fraud counts, Counts One and Four," in which case the Double Jeopardy Clause would preclude their reprosecution. *United States v. Coughlin (Coughlin I)*, 610 F.3d 89, 97 (D.C. Cir. 2010). The five allegedly fraudulent mailings occurred on February 3, 2004 (Count One), February 17, 2004 (Count Two), February 20, 2004 (Count Three), March 9, 2004 (Count Four), and April 30, 2004 (Count Five). Again, the jury found that Mr. Coughlin lacked the requisite fraudulent intent for Counts Two, Three, and Five, and therefore rendered verdicts of not guilty. The Court of Appeals thus concluded that "the jury necessarily decided that Coughlin lacked fraudulent intent during the entire period encompassed by the charged mailings—including

those mailings cited in the hung counts. And because fraudulent intent is an essential element of those counts, the Double Jeopardy Clause bars their retrial." *Id.* at 100.

The Court of Appeals found, however, that with respect to Counts Six and Seven, for making a false claim and theft of public money, the Double Jeopardy Clause did not bar reprosecution. *Id.* at 103–04. It stated "while we thus treat fraudulent intent as an essential element of both counts for the purposes of this case, it is not essential that Coughlin had such intent at *every point* between December 2003 and June 2004, the period encompassed by the indictment." *Id.* at 101. The Court concluded that "[i]n finding that no fraudulent scheme existed on or before April 30, the jury did not necessarily decide anything about Coughlin's state of mind after that date. To put it another way: if the jury believed that Coughlin only made fraudulent misrepresentations at the May 13 hearing, it could still have acquitted him of mail fraud regarding the April 30 mailing." *Id.* at 101–02. Therefore, it concluded that the jury did not necessarily decide that Mr. Coughlin lacked the requisite fraudulent intent for Counts Six and Seven, and therefore that the Double Jeopardy Clause did not bar a retrial on those counts. The district court accordingly declared a second mistrial.

When the third trial commenced, both parties sought pretrial rulings regarding the admissibility of medical and athletic evidence. Judge Kennedy ruled in Mr. Coughlin's favor, precluding the government from using medical records and athletic activity evidence to prove that Mr. Coughlin's representations regarding his injury to the VCF were fraudulently made. Thus, Mr. Coughlin's trial counsel had no need to bring expert testimony to refute medical records or athletic activity evidence, as such evidence was precluded by Judge Kennedy. When the case was reassigned to the undersigned Judge, the Court granted in part the government's motion for reconsideration and ruled that the medical records and athletic activity evidence could be offered

at trial. Mr. Coughlin claims that such a ruling showed that the evidence was central, intrinsic, and vital to the government's case, but that his trial counsel failed to adapt his strategy to the Court's ruling. The expert testimony introduced in the first two trials by defense counsel was not brought into evidence in the third trial to refute the government's case in chief.

In Mr. Coughlin's original motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255, he claims that he was denied effective assistance of counsel when his trial counsel failed to call expert witnesses to testify on his behalf. Mr. Coughlin argues that his counsel's performance was deficient because, in the face of expert testimony presented by the government, Mr. Coughlin's counsel made no attempt to ensure that this testimony would be countered by the defense experts who had previously been effective in the first trial, did not discuss expert testimony with Mr. Coughlin, did not conduct an investigation into whether the same experts who previously testified were available, and did not request CJA money to pay for expert witnesses. No defense experts were called to testify in the third trial. Mr. Coughlin argues that he was prejudiced by this deficient performance because the expert testimony presented by the government had to be refuted by expert testimony as such evidence was central to the determination of whether Mr. Coughlin exaggerated the extent of his injuries. He argues that there is a reasonable probability that he would not have been convicted had his trial counsel conducted an adequate investigation into the medical evidence and called an expert to testify. He argues that he was successful in the first trial and that the only difference between the two trials was his counsel's failure to rebut the medical and physical activity evidence presented by the government with defense experts.

On April 4, 2016, Mr. Coughlin filed a motion for leave to amend his § 2255 motion. On May 18, 2016, Mr. Coughlin filed a second motion for leave to amend, asking that it be substituted

5

for the motion filed on April 4, 2016. Neither motion was filed with the assistance of counsel who filed his original § 2255 motion. He claims that the amended motion was filed because his counsel failed to adequately "highlight the alleged false and fraudulent pretenses and representations impacted by the Appellate Court's critical finding that 'the jury necessarily decided that Coughlin lacked fraudulent intent during the entire period encompassed by the charged mailings.'" Amended Motion at 2, ECF No. 221. Mr. Coughlin raises nine new bases for his claim of ineffective assistance of counsel:

(1) Trial attorney John Bourgeois and Appellate attorney Steven Klepper failed to request CJA funds to ensure expert medical witness testimony at defendant's third trial;

(2) Trial attorney John Bourgeois/Appellate attorney Steven Klepper failed to conduct a fact-intensive analysis based on the *Coughlin I* critical finding to identify the overwhelming testimony, copious physical evidence, and specific jury instructions provided to the Trial I jury validating that Coughlin's 1/22/04 - 9/11 Victim's Compensation Fund (VCF) economic damage claim submission was material to both the VCF in determining Coughlin's 4/14/04 Presumed Award . . . and the Trial I jury in acquitting Coughlin of mail fraud for his 2/3/04, 3/9/04, and 4/30/04 mailings;

(3) Trial attorney John Bourgeois/Appellate attorney Steven Klepper should have, but failed to, conduct a fact-intensive analysis based on the *Coughlin I* critical finding, to identify the specific false and misleading information contained in, and prompting the signing of, the letter Coughlin drafted for then Rear Admiral (RADM) Ronald Route for submittal to the VCF, and with minimal substantive changes, ultimately was submitted to the VCF;

(4) Trial attorney John Bourgeois/Appellate attorney Steven Klepper should have, but failed to, conduct a fact-intensive analysis based on the *Coughlin I* critical finding to identify the specific false and misleading information contained in, and prompting the signing of, letters Coughlin drafted for Ms. Kathy Buda and then-Rear Admiral Ronald Route for submittal to the VCF, and with minimal substantive changes, [which] ultimately were submitted to the VCF;

(5) Trial attorney John Bourgeois/Appellate attorney Steven Klepper should have, but failed to, conduct a fact-intensive analysis based on the *Coughlin I* critical finding to identify the specific alleged false representations, regarding Coughlin's alleged post-September 11th sedentary lifestyle and claimed lack of available medical records which would have revealed a more extensive pre-existing neck and shoulder ailment, that caused additional materials to be submitted to the VCF, in

and of themselves, containing alleged false and fraudulent representations;

(6) Trial attorney John Bourgeois/Appellate attorney Steven Klepper should have, but failed to, conduct a fact-intensive analysis based on the *Coughlin I* critical finding, to identify the alleged false and misleading information the government claimed he used when he notified the VCF in his December 19, 2003 application . . . that he suffered a partial permanent disability on 9/11 and lifted a medical opinion from a 1998 neck injury from Dr. Bowen's letter . . . and to identify the specific allegedly false and misleading information regarding his pre-9/11 and post-9/11 medical condition submitted on January 22, 2004 . . . and February 3, 2004 . . . when he, allegedly, falsely represented his primary physician authored a report finding Coughlin suffered a permanent disability due to injuries he sustained on 9/11;

(7) Trial attorney John Bourgeois/Appellate attorney Steven Klepper should have but failed to conduct a fact-intensive analysis based on the *Coughlin I* critical finding to determine the specific acts of omission and subsequent misrepresentations the government alleged Coughlin committed by causing incomplete medical records to be submitted to the VCF on January 22, 2004, and February 3, 2004;

(8) Trial attorney Bourgeois should have, but failed to, introduce evidence and develop cross-examination with the Government's financial summary witness regarding the use of Coughlin's check registers in her analysis of Coughlin's checking account documentation; and

(9) Trial attorney Bourgeois should have, but failed to, introduce evidence and develop examination regarding Coughlin's VCF economic damages claim for past loss of earnings of 90 hours, constituting $7,031.25, to tend to his cervical spine injury/symptoms as indicated in Coughlin's employer's VCF submitted letter.

Gov.'s Opp'n at 6–7, ECF No. 227 (summarizing Mr. Coughlin's amended claims). The government largely opposes granting Mr. Coughlin leave to amend, arguing that all but one of Mr. Coughlin's amended claims constitute new grounds for relief supported by different facts from those in his original motion.

### III. LEGAL STANDARDS

"A prisoner in custody . . . claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States . . . may move the court which imposed the sentence to vacate, set aside or correct the sentence." 28 U.S.C.

§ 2255(a).[2] When Congress enacted the 1996 Antiterrorism and Effective Death Penalty Act ("AEDPA"), it imposed fixed time limit on collateral attacks on a judgment of conviction. Section 2255 motions are thus subject to a one year limitations period, which generally runs from "the date on which the judgment of conviction becomes final." 28 U.S.C. § 2255(f). Civil pleadings, including § 2255 motions, may be amended or supplemented as provided in Federal Rule of Civil Procedure 15. *See United States v. Hicks*, 283 F.3d 380, 383 (D.C. Cir. 2002). Under Rule 15, "[a]n amendment to a pleading relates back to the date of the original pleading when . . . the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out . . . in the original pleading." Fed. R. Civ. P. 15(c)(1)(B). As held by the Supreme Court, "[a]n amended habeas petition . . . does not relate back (and thereby escape [the] one-year time limit) when it asserts a new ground for relief supported by facts that differ in both time and type from those the original pleading set forth." *Mayle v. Felix*, 545 U.S. 644, 650 (2005). Simply because a subsequently filed claim relates to the same, trial, conviction, or sentence as a timely filed claim does not mean that the subsequent claim relates back to the original claim for limitations purposes. *Id.* at 662.

IV. **ANALYSIS**

Mr. Coughlin's final judgment was executed on December 23, 2013, one week after the Supreme Court denied his petition for certiorari. His original § 2255 motion was timely filed on December 16, 2014. The claims raised in his amended motion filed on May 18, 2016 must relate back to those raised in his original motion; they must "arise from the same core facts as the timely

---

[2] Mr. Coughlin was sentenced to 41 months imprisonment. On September 29, 2016, he was released and reported to a halfway house. He was subsequently released to home confinement on October 18, 2016. By the terms of his sentence, Mr. Coughlin must serve three years of supervised release. Thus, even though Mr. Coughlin has been released from prison, his motion is not moot because he is still "in custody" for purposes of § 2255. *See, e.g., Meskel v. United States*, No. CRIM.A. 04-0053(RMU), 2005 WL 1903375, at *5 (D.D.C. July 13, 2005).

8

filed claims," and must not "depend upon events separate in 'both time and type' from the originally raised episodes." *Mayle*, 545 U.S. at 657.

To summarize, Mr. Coughlin's original motion revolved around his counsel's failure to call experts to testify at his third trial. Mr. Coughlin's counsel allegedly failed to counter testimony presented by the government, failed to discuss the prospect of expert testimony with Mr. Coughlin, failed to conduct an investigation into whether the same experts who previously testified were available, and failed to request CJA money to pay for expert witnesses. The expert testimony not offered related to medical records and athletic activity evidence.

The government concedes, and the Court agrees, that the first claim in Mr. Coughlin's amended motion—that his counsel failed to call any medical expert witnesses or request CJA funds to ensure expert medical witness testimony at defendant's third trial—relates back to the claims in his original motion. Therefore, Mr. Coughlin will be granted leave to amend his motion to add this first claim, located on pages 2–60 of his amended motion, ECF No. 221.

Mr. Coughlin's remaining claims, however, do not relate back to his original motion because they assert new grounds for relief that are supported by facts that differ in time and type from those described in the original motion. Many of the claims asserted in Mr. Coughlin's amended motion appear to relate to his counsel's actions in response to the first jury's findings of not guilty on three of the mail fraud counts, and the subsequent Court of Appeals' decision regarding whether it violated the Double Jeopardy Clause to retry Mr. Coughlin on the remaining counts. Again, the jury reached a verdict of not guilty on Counts Two, Three and Five, all of which were for mail fraud, but failed to reach a verdict on Counts One and Four (mail fraud), Count Six (false claim), and Count Seven (theft of public money). The Court of Appeals determined that "the jury necessarily decided that Coughlin lacked fraudulent intent during the entire period

encompassed by the charged mailings—including those mailings cited in the hung counts [*i.e.*, prior to May 1, 2004]. And because fraudulent intent is an essential element of those counts, the Double Jeopardy Clause bars their retrial." *Coughlin I*, 610 F.3d at 100.

In Grounds Two through Seven of his amended motion, Mr. Coughlin argues that his counsel was ineffective for failing to conduct various analyses and arguments based on the *Coughlin I* finding regarding Mr. Coughlin's fraudulent intent, *i.e.*, that Mr. Coughlin lacked the requisite fraudulent intent prior to May 1, 2004. *See* Amended Motion at 60–61, 101–03, 161–62, 226–27, 298–99, 363–64, ECF No. 221. Grounds Two through Seven of Mr. Coughlin's amended motion are new claims that do not relate back to those originally set forth. Mr. Coughlin's original motion raised claims of ineffective assistance of counsel with respect to his counsel's failure to present expert witness testimony regarding his medical records and athletic activity evidence to counter the testimony presented by the government's witnesses, and accordingly counsel's failure to discuss expert testimony with Mr. Coughlin, make an investigation into whether the same experts from the first trial were available, or to request CJA money to pay for such experts. The claims asserted in Grounds Two through Seven relate to entirely different claims of ineffective assistance of counsel based on the following, all of which Mr. Coughlin claims resulted in a collateral attack in the third trial of an issue of fact necessarily decided in his favor in Coughlin I (*i.e.*, his fraudulent intent prior to May 1, 2004) in violation of double jeopardy:

1) Counsel's failure to develop the argument that that any of Mr. Coughlin's actions prior to May 1, 2004 were not material to the jury's analysis of Counts Six (false claim) and Seven (theft of public money) (Ground Two).

2) Counsel's failure to conduct an analysis regarding the false and misleading information contained in letters drafted for then Rear Admiral Ronald Route and Ms. Kathy Buda and submitted to the VCF (Grounds Three and Four).

3) Counsel's failure to identify the specific false representations regarding his post-September 11 sedentary lifestyle and claimed lack of available medical records which

would have revealed a more extensive preexisting neck and shoulder injury (Ground Five).

4) Counsel's failure to identify the false and misleading information that the government claimed he used when he notified the VCF that he suffered from permanent disability on September 11, and to identify the specific allegedly false and misleading information regarding his medical condition submitted to the VCF in the supplements to his application (Ground Six). The government interprets Mr. Coughlin's argument to be that his counsel was ineffective by failing to persuade this Court that the jury's verdict acquitting Mr. Coughlin of mail fraud necessarily foreclosed subsequent juries considering Counts Six and Seven from finding that any statement made by Mr. Coughlin prior to May 1, 2004 was false and misleading.

5) Counsel's failure to determine the specific acts of omission and subsequent misrepresentations that the government alleged Mr. Coughlin committed by causing incomplete medical records to be submitted to the VCF in the supplements to his application (Ground Seven). The government interprets Mr. Coughlin's argument to be that his counsel was ineffective by 1) failing to persuade this Court that any of the defendant's pre-May 2004 VCF economic damages claims were necessarily already decided by the Coughlin I jury to be neither false nor misleading; 2) by failing to introduce evidence and develop cross-examination to impeach the government's financial summary witness' testimony regarding Mr. Coughlin's use of his check registers; and 3) by failing to introduce evidence and develop cross-examination regarding Mr. Coughlin's VCF economic damages claim for past lost earnings.

These constitute new claims for ineffective assistance of counsel, supported by facts that differ in both time and type from those asserted in Mr. Coughlin's original motion regarding his counsel's failure to present expert witness testimony about his medical condition and athletic abilities. *See Mayle*, 545 U.S. at 650. These amendments would "significantly alter the nature of a proceeding by injecting new and unanticipated claims." *Hicks*, 283 F.3d at 388. Therefore, the Court will not grant Mr. Coughlin leave to amend his original motion to assert the claims raised in Grounds Two through Seven.

In addition, the claims raised in Grounds Eight and Nine are new claims of ineffective assistance of counsel that do not relate back. Mr. Coughlin's Eighth Ground alleges that his counsel was ineffective for failing to "introduce evidence and develop cross-examination with the Government's financial summary witness regarding the use of Coughlin's check registers in her

11

analysis of Coughlin's checking account documentation." *Id.* at 432. In Ground Nine of his amended motion, Mr. Coughlin argues that his counsel was ineffective for failing to "introduce evidence and develop examination regarding Coughlin's VCF economic damages claim for past loss of earnings of 90 hours, constituting $7,031.25, to tend to his cervical spine injury/symptoms as indicated in Coughlin's employer's VCF submitted letter." *Id.* at 444–45. It discusses the cross-examination of John Sayres, Mr. Coughlin's former employer. Again, the ineffective assistance of counsel claims asserted in these two grounds are distinct from those regarding Mr. Coughlin's counsel's failure to present expert witness testimony about his medical records and athletic activity. Thus, they also do not relate back.

Mr. Coughlin appears to argue that because courts should consider the totality of the circumstances when determining a claim of ineffective assistance of counsel, any later claim based on ineffective assistance—regarding any aspect or circumstance of his case—relates back to a timely filed ineffective assistance claim. This is not so. "New claims of ineffective assistance of counsel do not automatically relate back to prior ineffective assistance claims simply because they violate the same constitutional provision." *United States v. Gonzalez*, 592 F.3d 675, 680 (5th Cir. 2009) (gathering cases from the First, Third, Eighth, and Eleventh Circuits); *see also United States v. Palmer*, 902 F. Supp. 2d 1, 13–16 (D.D.C. 2012) (RCL). The new grounds asserted in Mr. Coughlin's amended motion are not "new ground[s] for relief supported by facts that differ in both time and type from those the original pleading set forth;" they are new ineffective assistance claims based on different facts from those relating to his counsel's failure to bring expert witness testimony in his third trial. *See Mayle*, 545 U.S. at 650. Allowing him "to avoid AEDPA's time-bar for claims based on entirely different factual evidence and theories, linked only by a common generalized legal theory to a timely claim would undermine AEDPA's goal of finality in

convictions." *Palmer*, 902 F. Supp. 2d at 15. Therefore, the Court will not grant Mr. Coughlin leave to amend his § 2255 motion and assert the claims contained in Grounds Two through Nine.

V. **CONCLUSION**

For the foregoing reasons, the Court will grant in part and deny in part Mr. Coughlin's motions for leave to amend his original § 2255 motion. He will be granted leave to amend to assert Ground One, which is located on pages 2–60 of his amended motion, ECF No. 221. He will be denied leave to amend to assert all of the other claims in his amended motion. A separate order accompanies this Memorandum Opinion.

Date: May 4, 2017

_____
Royce C. Lamberth
United States District Judge